No. 359

First Circuit

___

## HARRY S. KAUFMAN, LTD., v. HEBERT ET AL.

___

(December 4, 1928. Opinion and Decree.)

___

John W. Lewis, of Opelousas, attorney for plaintiff, appellant.

George K. Perrault, of Opelousas, attorney for defendant, appellee.

LECHE, J. C. J. Hebert Company, Inc., local insurance agency, domiciled at Eunice in the Parish of St. Landry, was agent of plaintiff who in turn was general agent in New Orleans of the Bankers & Shippers Insurance Company of New York. The C. J. Hebert Company, on the 25th day of January, 1925, issued as such local agent, a policy of fire insurance to the Liberty Theatre Company of Eunice in consideration of a premium of three hundred nine and 40-100 dollars. Instead of collecting the premium in cash, the Hebert company accepted in lieu thereof, a note of the Theatre company payable at some future date. On May 18, 1925, the C. J. Hebert Company sold all its assets to the Eunice Insurance Company, and among these assets was the note of $309.40, subscribed by the Liberty Theatre Company, held by the Hebert company in representation of the insurance premium due for the fire policy on its Liberty Theatre building. In the sale from the C. J. Hebert Company to the Eunice Insurance Company, it is recited that the sale is made in consideration of the price of twenty-five hundred dollars cash, and in further consideration "of the assumption by said purchaser," the Eunice Insurance Company, "of all the debts and liabilities appearing upon the books of the Eunice branch of the C. J. Hebert Company, Inc., consisting of balances due Insurance Companies on account of premiums, etc., arising during the period beginning March 1, 1925 * * * ."

Such are the conceded facts upon which plaintiff prays for judgment against the Eunice Insurance Company. The District Court rejected plaintiff's demand and plaintiff has appealed.

There are several issues presented by the pleading in the case, but they have all been eliminated, save the question of the liability of the Eunice Insurance Company to the plaintiff.

The question to be decided here is whether the purchase of the insurance business of the C. J. Hebert Company by the Eunice Insurance Company, has imposed upon the purchaser any liability or legal responsibility towards plaintiff, Kaufman, Ltd., for the amount of the premium due to plaintiff when the sale was made to it by the C. J. Hebert Company.

It is manifest from the terms of the contract of sale by the Hebert Company to the Eunice Insurance Company that the Eunice Insurance Company did not assume any such liability.

The debt of the Hebert company to the plaintiff arose on January 25, 1925, while the debts assumed by the Eunice Insurance Company on May 18, 1925; when it purchased the business of the Hebert company, are limited to such as arose on account of premiums due to insurance companies during the period beginning March 1, 1925.

In order to hold the Eunice company liable, plaintiff resorts to the language of the resolution passed by the Board of Directors of the Hebert Company, Inc., whereby C. J. Hebert was authorized to sell on behalf of the Hebert company, the business and all the assets of said company, in consideration of the assumption by the purchaser, the Eunice Insurance Company, of all the liabilities of the Hebert company. In the resolution thus adopted, there is no limit as to the kind, or the date of such liability, whereas in the act of sale the assumption is limited, as before stated, to debts that arose from premiums collected during the period beginning March 1, 1925. The contract by which the Eunice Insurance Company is bound, is that which is evidenced by the sale of May 18, 1925, and not the resolution of the Board of Directors of the Hebert company. The fact that C. J. Hebert as agent of his company, exceeded his authority in limiting the liability of the purchaser to debts which arose during the period beginning March 1, 1925, is a matter that concerns the Hebert company and the Eunice Insurance Company and not the plaintiff, Kaufman, Ltd.

We believe that the District Judge properly rejected plaintiff's demand, and his judgment is affirmed.